**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO.** |
| **v.** | : | |
| | : | |
| | : | **20-cr-135 (DLF)** |
| | : | |
| | : | |
| **JASON CHARTER** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT CHARTER'S OPPOSITION TO THE**
**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER GOVERNING**
**DISCOVERY**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully replies to Defendant Charter's Opposition to the Government's Motion for a Protective Order Governing Discovery (ECF No. 17).

**PROCEDURAL BACKGROUND**

The government filed its Motion for a Protective Order Governing Discovery on October 23, 2020 (ECF No. 16). The same day, the Court issued a Minute Order directing the defendant to file any opposition on or before November 2, 2020 (Minute Order 10/23/20). On November 2, 2020, the defendant filed his Opposition to the Government's Motion for a Protective Order Governing Discovery (ECF No. 17). The Court then ordered the government to file any reply on or before November 4, 2020 (Minute Order 11/02/20), in advance of the November 5, 2020 status hearing.[1] The government's reply now follows.

---

1 Defendants from 20-cr-117 (DLF), Lloyd et al., filed a similar opposition also on November 2, 2020. (ECF No. 35). The Court has not yet set a deadline for the government's reply to that

1

**ARGUMENT**

I.     **USSS Materials**

    a.   *Use and Retention of the USSS Materials*

First, the defendant argues that the USSS materials, specifically the surveillance camera footage that would be disclosed in this case, should not be used solely in connection with this criminal case. [ECF No. 17 at 1-2]. He argues that the footage disclosed in this criminal case should be able to be used in any separate civil or administrative litigation, and that the proposed protective order would somehow inhibit that litigation. *Id.* This is not true. The protective order would simply limit the defendant's retention and use of the footage that the government provides in this case, to this case. It does not prohibit the defendant from filing any variety of civil or administrative action, requesting the footage through civil discovery processes, the Freedom of Information Act, or any other appropriate legal channels in ancillary litigation. The purpose of this protective order is just to facilitate discovery in the criminal case, and nothing else.

    The defendant also argues that the protective order would prohibit him from using the footage in post-conviction litigation, because the order specifies retention for "appellate purposes," rather than for broader, "post-conviction purposes." [ECF No. 17 at 2-3]. The government does not oppose modifying this provision of the protective order, to read for "post-conviction purposes for the criminal case against the defendant" rather than "appellate purposes." However, the proposed order would still require the footage to be held by counsel in the defendant's file, and should be used only in criminal post-conviction litigation. This would also not prevent the government from seeking a return of that footage in post-conviction litigation should the need

opposition. The government expects many of the arguments in this reply to be substantially similar. The government can address 20-cr-117 ECF No. 35 at the Court's direction.

arise.

In regard to the defendant's position that it is too burdensome to review the footage with third party witnesses and their potential counsel without providing those third parties copies (ECF No. 17 at 2), the government disagrees. We acknowledge that the ongoing pandemic poses logistical challenges to reviewing these materials if meeting in person is not feasible to that witness, but there are several software programs that allow for the display or "sharing" of videos to witnesses without furnishing them with their own copies.

b. *National Security Interests*

The government cited national security concerns with the disclosure of the surveillance camera footage in its initial motion. [ECF. No. 16 at 6-7]. The defendant suggests that the government is not justified in those concerns. [ECF. No. 17 at 3-4]. This argument strains credulity. The USSS video surveillance taken from the White House perimeter shows some of the security measures employed to protect the White House Complex. For example, camera locations can show response protocols and safety plans for protection of the White House perimeter, the number of officers stationed around the White House Complex, and the security wedges used to protect the Complex. The protective order is intended to prevent the dissemination of this footage to individuals other than counsel for the defendant and the defendant who may seek to exploit this information.

The government, in consultation with USSS, is prepared to tender additional information regarding the national security interests implicated by this discovery, should the Court wish to hear more on this issue.

## II.   Materials Marked "Sensitive"

This portion of the protective order is meant not just to protect the privacy interests of third

party witnesses and the defendant himself (for example, from disclosure of his personal information by defendants in 20-cr-117), but it is also meant to facilitate access to all of the reports and notes without the burdens of divining redactions. What the defendant appears to desire, according to the Opposition, is for the government to redact every single document, including the names and contact information of defendants in 20-cr-117, and all the names and contact information of potential witnesses. [ECF. No. 17 at 5]. This seems counterintuitive, as the unencumbered access to un-redacted reports, which can be shown to the defendant, would be much more useful for the defendant and the defendant's counsel than the redacted copies of the same reports. The protective order would only require the defendant to redact personal identifying information when showing any sensitive materials to third party witnesses or their counsel. This is not very burdensome. Presumably, the defendant would only show individual reports or pages from reports to third party witnesses, and would not send to a third party every single report marked "sensitive" that the government discloses pursuant to its discovery obligations in this criminal case. That is, unless the purpose of having the government redact all the personal identifying information is not in in fact to mount a defense in this case, but rather so that the materials can be copied and sent to any third party outside this litigation without running afoul of Fed. Crim. Rule 49.1. Of course, that is not the purpose of this discovery.

## CONCLUSION

WHEREFORE, the government again respectfully requests that the Court issue the proposed protective order regarding the disclosure of the USSS materials and materials marked "sensitive" in this case.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
N.Y. Bar No. 4444188


By: _____/s/_____
Christopher A. Berridge
Assistant United States Attorney
Federal Major Crimes Section
GA Bar No.: 829103
555 4th Street, N.W.
Washington, DC 20001
Desk: (202) 252-6685
Mobile: (202) 740-1738
Christopher.Berridge@usdoj.gov