UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES | ) | CASE NO.: | 1:20-cr-00135-DLF |
| | ) | | |
| v. | ) | JUDGE: | Hon. Dabney L. Friedrich |
| | ) | | |
| JASON CHARTER, | ) | NEXT DATE: | Sentencing |
| *Defendant.* | ) | | |

**SENTENCING MEMORANDUM FOR JASON CHARTER**

Through Counsel, Jason Charter files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives pursuant to 18 U.S.C. §3553(a).

**ARGUMENT**

I. **APPLICATION OF THE STATUTORY SENTENCING FACTORS TO THE FACTS OF THIS CASE**

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender.**

   (a) Nature and Circumstances of Offense

   This offense was non-violent offense as categized in 18 U.S.C. §16. On June 22, 2020, Mr. Charter was protesting a racist statute outside of the White House. During this time, there were country-wide protests following the May 25, 2020, murder of George Floyd in Minneapolis, Minnesota. Mr. Floyd was murdered for suspicion of providing a store clerk a

counterfeit $20 bill. Officers were called to the scene and one officer placed his knee on Mr. Floyd's neck for a total of nine minutes and twenty-nine seconds. Other officers stood idly by as Mr. Floyd pleaded with the officer to get off his neck because he could not breath. A lifeless Mr. Floyd was removed from the scene. This entire act was caught on video and transmitted on news outlets across the United States. This led to a countrywide protest for the end to police brutality against people of color. The events taking place less than a month later on June 22, 2020 were part of that protest.

Former US President Andrew Jackson has been documented as owning slaves.[1] His image outside of the most iconic buildings in our nation is not only offensive but a rubber-stamp to racism and a celebration of a person who exploited the free labor of others to gain tremendous wealth and influence. This protest turned violent when members of law enforcement decided to forcibly remove the protestors from the premises.

The United States Attorney's Office has erroneously drawn comparisons of these events to the attack on the United States Capitol on January 6, 2021. In other words, they are comparing a protest damaging property to a mass insurrection resulting in the death of five people. The two events could not be any more different. One involved a protest of racism and slavery, the other a violent attempt to take over the United States Government. If anything, the court should use the stark contrast in the two events to sentence Mr. Charter to a probationary period and no active jail time.

(b) <u>History and Characteristics of Mr. Charter</u>

Mr. Charter has a number of health conditions that affect his daily life. Due to his conditions, further detailed in the PSI, Mr. Charter has difficulty with lifting items and frequently experiences severe pain. In addition, Mr. Charter's medical conditions leave him fatigued and

---

[1] https://www.whitehousehistory.org/slavery-in-the-andrew-jackson-white-house

unable to perform simple daily functions without assistance. As detailed by the government's evidence in this case, Mr. Charter requires a cane to aid in his mobility.

Despite the health challenges for Mr. Charter, he has been able to live semi-independently and take courses for higher education.  Mr. Charter has been involved in politics for the past 6 years. He has worked for several successful political campaigns including running campaign offices for both state and federal candidates.  Mr. Charter is a 27-year old male who experienced a lot of challenges in his life. We adopt the reference to Mr Charter's Education and Employment History in the Pre-Sentence Report.

Mr. Charter has a great support system in parents who were present on the phone at all of his court hearings.  We similarly adopt the reference to Mr. Charter's upbringing and report corroboration.

2. **The Need for the Sentence Imposed to Promote Certain Statutory Objectives.**

(a) <u>To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense</u>.

Mr. Charter understands the seriousness of his engagement in this form of protest. He was simply trying to shed light on a figure in American History who should not be lauded as a hero. Andrew Jackson was a slave owner who profited and gained influence from the use of free human labor.  Although Mr. Jackson's actions should be condemned, the law provides that statues displaying such a controversial figured should not be disturbed. Given Mr. Charter's conduct in this matter, a conviction and probationary period would be sufficient to promote respect for the law whilst providing a just punishment.

(b) <u>To afford adequate deterrence to criminal conduct.</u>

Mr. Charter understands the need to deter others from similar conduct. The sentencing guidelines adequately reflect the range of punishment deserved. Considering Mr. Charter's

conduct was related to protesting racial and societal injustice, punishment with maximum probation and without incarceration is an adequate means of holding Mr. Charter accountable.

(c) <u>To protect the public from further crimes of the defendant</u>.

Mr. Charter does have a limited protest related criminal history. A maximum probationary period deters Mr. Charter from engaging in in person protest related activities for fear of revocation of his probation by this court.

3. **The Kinds of Sentences Available.**

In Booker, the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular range within the Guidelines. Booker, 125 S. Ct. at 756.  This renders the Guidelines advisory. Id. Furthermore, the Report concludes that the Guidelines recommend a period incarceration of 0-6 months. A sentence of maximum probation that does not include active incarceration is appropriate with conditions.

4. **The Sentencing Range Established by the Sentencing Commission.**

Mr. Charter does understand the result reached by the Presentence Investigation Report ("Report") was based on his background and the parameters of the guidelines and agrees with the result of 0-6 months of incarceration with a maximum supervised probationary period of 1 year. We request the court forego incarceration and sentence Mr. Charter to the maximum 1 year of probation.

## CONCLUSION

For the foregoing reasons, Jason Charter respectfully submits that a sentence which does not include jailtime in this matter and not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

JASON CHARTER<br>
*By Counsel*

s/ Andrew O. Clarke
Andrew O. Clarke, Esquire
DC Bar ID # 1032649
**A. CLARKE LAW, PLLC**
137 National Plaza, Suite 300
National Harbor, MD 20745
T: (202)780-9144
E: a.clarke@aclarkelaw.com
*Counsel for Jason Charter*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2022 a true copy of the foregoing was served on Matthew Graves, and the Office of the US Attorney for the District of Columbia via CM/ECF.

s/ Andrew O. Clarke
Andrew O. Clarke, Esquire

5