**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 20-CR-135 (DLF)** |
| | : | |
| **JASON ROBERT CHARTER,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM REGARDING DEFENDANT JASON CHARTER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this sentencing memorandum to assist the Court's consideration of sentencing defendant Jason Charter in this case. Pursuant to a Plea Agreement (ECF No. 37), and for the reasons set forth below, the Government respectfully recommends that the Court impose a sentence to include: three years of probation, to include special conditions of 30 hours of community service and 45 days of home detention; a $500 fine; and a $2,600 restitution payment to the United States Department of the Treasury.

## PROCEDURAL HISTORY

On July 23, 2020, a federal grand jury returned a two-count Indictment against defendant Jason Charter. (ECF No. 9.) The charges relate to conduct on or about June 22, 2020, in Lafayette Park in Washington, D.C., which resulted in an aggregate of approximately $34,000 of damage to the Equestrian Statue of Andrew Jackson and historic cannons displayed in the park. On August 25, 2021, pursuant to a Plea Agreement, the defendant pled guilty to a superseding Information charging the defendant with one count of Restricted Building or Grounds, in violation of 18 U.S.C. §§ 1752(a)(2) and 1752(b)(2). (Minute Entry August 25, 2021; ECF Nos. 34-38.)

1

## ANALYSIS

### I.   The Offense Conduct[1]

As set forth in the Statement of Offense acknowledged and agreed to by Defendant, on June 22, 2020, a large group of persons, including but not limited to the defendant, gathered in Lafayette Park and participated in a large demonstration. Lafayette Park is located immediately across Pennsylvania Avenue NW and directly north of the White House and the White House complex. The White House complex, which includes, among other things, the White House Mansion and the White House grounds, is a restricted area in Washington, D.C.

The Equestrian Statue of Andrew Jackson and historic cannons (collectively, the "Statue") are displayed at the center of Lafayette Park. The park is located on property owned by, or under the jurisdiction of, the Federal Government. The Statue is always surrounded by a low, metal fence to prevent public access. The defendant knew that Lafayette Park, including the fenced-in area around the Statue, is located in close proximity to the White House and the White House complex, which are restricted areas.

On June 22, 2020, in addition to the normal low, metal fence surrounding the Statue, the Statue was also surrounded by large, chain-link fences. The crowd dismantled those fences in order to access the Statue, where members of the crowd subsequently vandalized the statue. During the course of the breach, an aggregate of approximately $34,000 worth of damage was done to the

---

[1]   Pursuant to the Court's direction, the Government has filed a surveillance video of the incident, which shows Defendant's conduct, as Exhibit 1 to this Sentencing Memorandum. Defendant Jason Charter is visible at times throughout Exhibit 1 beginning at time stamp 5:00. In addition, the Government has provided the Court with additional videos cited in the Complaint in Case No. 20-CR-117 (DLF), which show defendant Charter during the incident (videos also available at: https://twitter.com/KunkleFredrick/status/1275250169118953472; https://www.youtube.com/watch?v=rLCFfGcFQ5w; https://www.facebook.com/WUSA9/videos/936050960142230/).

Statue. The demonstration and ensuing damage to United States government property caused and required dozens of law enforcement officers from the United States Park Police and the Metropolitan Police Department to respond to Lafayette Park to secure the park and property therein.

**II.   Government's Analysis of the Sentencing Guidelines**

As set forth below, the government concurs with United States Probation's assessment of the defendant's criminal history score and sentencing guidelines range, which results in a final Offense Level of 4 and a Criminal History Category of I.

**A.   Defendant's Criminal History Category**

This is defendant Jason Charter's first criminal conviction. The defendant's criminal history score is zero, which translates to Criminal History Category I.

**B.   Applicable Sentencing Guidelines**

The Government concurs with Probation's assessment of Defendant's Sentencing Guidelines for his violation of 18 U.S.C. §§ 1752(a)(2) and 1752(b)(2), which is as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2B2.3(a) | Base Offense Level | 4 |
| U.S.S.G. § 2B2.3(b)(1)(A) | *Specific Offense Characteristic* | |
| | Restricted Grounds | +2 |
| U.S.S.G. § 3E1.1(a) | Acceptance of Responsibility | -2 |
| | | |
| | **Total** | **4** |

III.   **Government's Analysis of the Statutory Sentencing Factors**

The Government respectfully submits that the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a) support the Government's recommended sentence in this case: three years of probation, to include special conditions of 30 hours of community service and 45 days of home detention; a $500 fine; and a $2,600 restitution payment to the United States Department of the Treasury.

The defendant's Sentencing Guidelines range incorporates the specific offense conduct at issue, his acceptance of responsibility, and his criminal history. Both the nature and circumstances of the instant offense are serious – on June 22, 2020, defendant Jason Charter actively participated in a large demonstration that resulted in approximately $34,000 worth of damage to the Statue due to vandalism. At the time, the Statue was surrounded by a large chain-link fence, which was dismantled, and a lower metal fence that surrounded the Statue. Neither fence effectively deterred nor prohibited the demonstration from reaching the Statue and causing significant damage. The demonstration required a response by dozens of law enforcement officers in order to secure the Park from the demonstrators and protect the property therein from additional damage. And this activity occurred mere yards from the White House and the White House complex, which as the defendant has acknowledged is a restricted area.

Taken together, the defendant's conduct demonstrated a clear disregard for lawful limitations on conduct in Lafayette Park, and for the value and dignity of the property of others – in this case, the property of the United States government. Should the defendant wish to modify the manner in which the federal government maintains and displays statues, memorials, or historic artifacts – the defendant should have expressed his opinions in a lawful manner through one of the many lawful means available to the public. The First Amendment protects the defendant's right to

4

protest, but does not give the defendant or anyone else license to enter restricted areas or otherwise cause damage to property. Although no one was injured, such conduct and damage against historical artifacts cannot be tolerated.

The Government is also concerned about the defendant's additional conduct during the 2020 time period. As part of the Plea Agreement for this case, the Government agreed to dismiss two criminal cases pending against the defendant in the Superior Court of the District of Columbia. First, in Case No. 2020 CMD 7583, the defendant was charged with Assault, in violation of 22 D.C. Code § 404, for assaulting and threatening a civilian victim in a menacing manner, during which incident on June 26, 2020, Jason Charter physically blocked the victim's path as the victim was walking and shoved the victim. Second, in Case No. 2020 CMD 7541, the defendant was charged with Assaulting a Law Enforcement Officer, in violation of 22 D.C. Code § 405(b), for assaulting a United States Park Police officer while engaged in the performance of official duties, during which incident on October 3, 2020, the defendant grabbed an officer's tactical vest while officers were arresting another individual. In addition, as set forth in the Complaint in this case (ECF No. 1), but not charged in the Indictment, on June 20, 2020, the defendant participated in the destruction of the Albert Pike Historical Statue, owned and maintained by the National Park Service, during which incident the defendant participated in damaging and burning the statue.

As such, the Government's recommended sentence reflects the seriousness of this offense and the defendant's pattern of conduct throughout 2020, promotes the defendant's respect for the law, and is intended to deter the defendant from similar criminal conduct in the future. Importantly, in addition, the recommended sentence also promotes respect for the law and general deterrence from such criminal conduct for the public writ large.

5

The Government respectfully submits that three years of probation is warranted in this case to reflect the seriousness of the offense and to promote the defendant's respect for the law and deterrence going forward. The Government also recommends that 30 hours of community service and 45 days of home detention are warranted in this case due to the nature and pattern of the defendant's other criminal conduct during the same time period. The Government further recommends that the defendant be fined $500. Lastly, pursuant to the Plea Agreement, the defendant has agreed to pay $2,600 in restitution to the Department of the Treasury, based on an acknowledged estimate of damage to the Statue resulting from the June 22, 2020 incident as totaling approximately $34,000.

*      *      *

IV.     **Government's Sentencing Recommendation**

For the reasons described above, the Government respectfully recommends that the Court impose a sentence of three years of probation, to include special conditions of 30 hours of community service and 45 days of home detention, a $500 fine, and a $2,600 restitution payment to the United States Department of the Treasury.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      */s/ Thomas G. Strong*
Christopher A. Berridge
GA Bar No. 829103
Thomas G. Strong
NY Bar No. 4958658
Assistant United States Attorneys
555 4th Street, N.W.
Washington, DC 20530
Christopher.Berridge@usdoj.gov
(202) 252-6685
Thomas.Strong@usdoj.gov
(202) 252-7063

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on January 3, 2022.

By:     */s/ Thomas G. Strong*
                Thomas G. Strong
                Assistant United States Attorney